| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street,<br>Denver, CO 80202 | DATE FILED: January 27, 2017 3:54 PM<br>FILING ID: 5231065BC7E8E<br>CASE NUMBER: 2017CV30374 |
| **Plaintiff:** TINA VALENZUELA<br><br>v.<br><br>**Defendant:** LIBERTY MUTUAL INSURANCE COMPANY | ▲ COURT USE ONLY ▲ |
| *Counsel for Plaintiff:*<br>Jordan S. Levine, No. 23877<br>Andrew J. Phillips, No. 40283<br>Sarah G. Freedman, No. 48356<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO 80246<br>Phone:  (303) 333-8000<br>Fax:     (303) 333-8005<br>Emails:      jordan@levlawllc.com<br>                 andrew@levlawllc.com<br>                 sarah@levlawllc.com | Case No. 17-CV-<br><br>Division |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW Plaintiff, Tina Valenzuela, by and through her attorneys, Levine Law, LLC, and for his Complaint against Defendant, Liberty Mutual Insurance Company, states and alleges as follows:

## BACKGROUND/GENERAL ALLEGATIONS

1. Plaintiff, Tina Valenzuela, (hereinafter "Plaintiff Valenzuela") is a named insured under a policy of automobile insurance with Defendant Liberty Mutual Insurance Company, Policy Number LA000-032599189-01. Said insurance policy calls for $100,000.00 in Underinsured Motorist Coverage.

2. At all times relevant hereto, Plaintiff, Tina Valenzuela, resided 16825 Sanford Street, Mead, Colorado 80542.

3. Defendant, Liberty Mutual Insurance, (hereinafter "Defendant Liberty Mutual"), is a foreign Massachusetts corporation, authorized to do business in the State of Colorado, with a registered agent located at 1560 Broadway, City and County of Denver, State of Colorado 80202.

4. Defendant Liberty Mutual regularly transacts business in the State of Colorado including the City and County of Denver.

EXHIBIT A

5. On August 9, 2015 at approximately 1:36 p.m. Plaintiff was a restrained driver in her 2014 Mini Cooper, stopped for traffic on northbound Insterstate 25. At that same time and place, Maria Delaluz Peinado Esparza, driving a 2001 Hyundai Santa Fe, failed to stop and rear-ended Ms. Valenzuela. Plaintiff sustained severe damage to the entire rear end of her vehicle. Defendant was cited for "Carless Driving Resulting in Injury."

6. Plaintiff sustained significant bodily injuries in this motor vehicle accident which occurred on August 9, 2015 and she has incurred substantial medical expenses as a result of said bodily injuries.

7. At the time of the August 9, 2015, accident, Plaintiff was insured under a policy of automobile insurance from Defendant Liberty Mutual as set forth above.

8. At all times relevant hereto and at the time of the accident, all of Plaintiff's premiums with Defendant Liberty Mutual were paid and were/are current. The subject insurance policy was in full force and effect at this time of the accident.

9. Plaintiff promptly notified Defendant Liberty Mutual of the accident.

10. Upon information and belief, there are no mandatory arbitration provision(s) contained in Plaintiff's insurance policy with Defendant Liberty Mutual.

11. The aforesaid policy of insurance covered Plaintiff for, among other things, Underinsured Motorist Bodily Injury benefits up to the amount of $100,000.00 pursuant to C.R.S. 10-4-609.

12. Defendant Liberty Mutual provided Plaintiff with permission to settle her underlying claim against the driver of the vehicle responsible for the accident, Maria Delaluz Peinado Esparza, for policy limits.

13. Plaintiff and Defendant Liberty Mutual have been unable to resolve Plaintiff's Underinsured Motorist Claims.

14. Pursuant to the terms of Plaintiff's automobile insurance policy with Defendant Liberty Mutual, Plaintiff has two years after settling her claims against Maria Delaluz Peinado Esparza to bring an Underinsured Motorist Claim against Defendant Liberty Mutual.

15. Defendant Liberty Mutual is a for profit insurance company actively doing business in the State of Colorado, including the City and County of Denver.

16. This Court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the City and County of Denver, State of Colorado as the place where Defendant Liberty Mutual conducts business and its Registered Agent is located.

17. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

**FIRST CLAIM FOR RELIEF**
(Violation of §10-3-1115, and §10-3-1116 C.R.S.A. – Defendant LIBERTY MUTUAL)

18. Plaintiff incorporates paragraphs 1 through 17 above as though fully set forth herein.

19. The purpose of the Uninsured/Underinsured Motorist Statute, C.R.S. §10-4-609, *et seq.*, is to enable an insured to obtain compensation from his/her automobile liability or motor-vehicle liability insurer for a loss resulting from negligent conduct of an uninsured or underinsured motorist that is equal to the compensation obtainable for the negligent conduct of a properly insured motorist.

20. Insurance carriers owe their insureds a duty of good faith and fair dealing, are required to abstain from deceptive or misleading practices, and must keep, observe and practice the principles of law and equity in all dealings with their insureds. See C.R.S. §§10-1-101, 10-3-1113.

21. Colorado statutes identify unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including, but not limited to the following:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issues (C.R.S. §10-3-1104(h)(I)).

   b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policy (C.R.S. §10-3-1104(h)(III)).

   c. Refusing to pay claims without conducting a reasonable investigation based upon all available information (C.R.S. §10-3-1104(h)(IV)).

   d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear (C.R.S. §10-3-1104(h)(VI)).

   e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds (C.R.S. §10-3-1104(h)(VII)).

   f. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (C.R.S. §10-3-1104(h)(XIV)).

22. Additionally, Colorado law prohibits an insurance carrier from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first-party claimant (C.R.S. §10-3-1115(1)(a)), including a first-party claimant of uninsured and/or underinsured motorist insurance benefits.

3

23.   Pursuant to Colorado Law, specifically Colorado Revised Statutes §10-3-1115 and §10-3-1116, where an insurer acts on a first party claim with unreasonable delay or denial, the insured has an additional civil action for statutory bad faith against the insurer. Pursuant to these statutes, the insured is thus further entitled to recover attorney's fees, court costs, statutory interest, the covered benefit and twice the amount of each of the covered benefit as a monetary penalty in a Colorado District Court action. Defendant is responsible pursuant to C.R.S. §§10-3-1115 and 1116 for its failure to timely pay and is responsible under said statutes as its failure to pay the undisputed uninsured motorist portion.

24.   Plaintiff's Underinsured Motorist Bodily Injury coverage benefit is $100,000.00. Therefore, there is a potential for recovery of twice the covered benefit's amount plus the actual benefit amount, or $300,000.00 for the Underinsured Motorist Bodily Injury, plus attorney's fees, court costs and statutory interest.

25.   Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract – Defendant LIBERTY MUTUAL)**

26.   Plaintiff incorporates paragraphs 1 through 25 above as though fully set forth herein.

27.   The policy issued by Defendant Liberty Mutual constitutes a contract for Underinsured Motorist Coverage.

28.   Plaintiff has performed all obligations imposed upon her by the policy of insurance.

29.   Plaintiff has made a demand for receipt of Underinsured Motorist Benefits to Defendant Liberty Mutual under the above-named insurance policy.

30.   Defendant Liberty Mutual has failed to adequately and properly respond to Plaintiff's demand.

31.   Because of Defendant's actions, as detailed above, and other misconduct that may be revealed in discovery, Defendant Liberty Mutual has breached the terms of a contract of insurance by failing to fulfill its duties as set forth in the policy.

32.   As a direct and proximate result of Defendant Liberty Mutual's breach of contract of insurance, Plaintiff, as a foreseeable consequence, has been substantially damaged, has been forced to incur expenses, costs, and attorney's fees.

33.   All damages to Plaintiff are in the past, present, and future whether so specifically delineated in each paragraph or not.

34.     Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and/he has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of the Covenant of Good Faith- Defendant LIBERTY MUTUAL)

35.     Plaintiff incorporates paragraphs 1 through 34 above as though fully set forth herein.

36.     By virtue of the insurance policy issued to Plaintiff at the time of the August 9, 2015, automobile collision, Defendant Liberty Mutual owed and owes to Plaintiff a duty of good faith and fair dealing in fulfilling its duties to the Plaintiff.

37.     Defendant's duties to Plaintiff include, among other things, the responsibility to give priority to the Plaintiff's interests over its own, and to protect Plaintiff's economic interests and peace of mind.

38.     By intentionally and willfully and/or without any substantial justification failing and refusing to pay Plaintiff's claim in a timely manner despite the validity thereof, Defendant Liberty Mutual has breached its good faith obligation of fair dealing with Plaintiff, and has committed the tort of Bad Faith Breach of Insurance Contract, acting without a reasonable basis in law or fact.

39.     The aforementioned breach by Defendant Liberty Mutual of its good faith obligation of fair dealing includes, but is not limited to the following acts and/ or omissions:

   a.   Failure to properly and adequately investigate Plaintiff's claims;

   b.   Failure to act reasonably prompt in the adjustment of Plaintiff's claim for Underinsured Motorist coverage;

   c.   Failure to acknowledge and act reasonably prompt upon communications with respect to claims;

   d.   Failure to promptly provide a reasonable explanation of the basis in the insurance policy in relation to denial of claim; and

   e.   Failure to comply with C.R.S. § 10-3-1101 *et. seq.*

40.     Pursuant to *Fisher v. State Farm*, 2015 WL 2198515, Liberty Mutual is legally obligated to not unreasonably delay or deny payment of the reasonable value of Allstate's claim. Liberty Mutual has failed and/or refused to tender payment to Plaintiff.

5

41. As a direct and proximate result of Defendant Liberty Mutual breaching their duties to Plaintiff, Ms. Valenzuela has been injured and has been caused to incur expenses, costs and attorney's fees.

42. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

43. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

a. Pursuant to C.R.S. §10-3-1115, Plaintiff is entitled to bring this action and seek the relief requested;

b. Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to bring this action and to also recover reasonable attorney fees, court costs, plus two times the amount of the first party covered benefit; and

c. For actual damages, attorneys' fees, pre and post judgment interest on all claims pursuant to the Colorado Revised Statutes, costs, expert witness fees, statutory interest and such other and further relief which this Court deems to be just, fitting and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS.**

DATED this ____ day of January, 2017.

LEVINE LAW, LLC

Signed original document maintained and available pursuant to Rule 121

/s/ Sarah G. Freedman Esq.
_____
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Attorneys for Plaintiff

**Plaintiff's Address**:
16825 Sanford St.
Mead, CO 80542